IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL SAMBOL, o/b/o THOMAS LAROSA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | 4:25-CV-3189<br><br>MEMORANDUM AND ORDER |

This Federal Tort Claims Act (FTCA) case is before the Court on the government's motion to dismiss for lack of subject matter jurisdiction. Filing 8. The government's motion will be granted.

BACKGROUND

The plaintiff, Michael Sambol, on behalf of Thomas Larosa, lodged a tort claim against the United States Postal Service (USPS) seeking money damages, alleging that the USPS lost spoiled currency intended for delivery to the Bureau of Engraving and Printing (BEP). Filing 1 at 1. The plaintiff mailed $25,000 of spoiled currency from the S. 144th St. USPS facility in Omaha to the BEP facility in Washington, D.C. for replacement, but only $950 arrived six weeks later. Filing 1 at 2. The plaintiff alleges that the missing cash was converted by postal workers, with only the remainder being delivered to the BEP. Filing 1 at 1. After investigating, the BEP determined that the theft of the missing currency "occurred while in the possession of the USPS" in Washington, D.C. Filing 1 at 2-3. The plaintiff filled an administrative claim under the FTCA, which the USPS denied. Filing 1-1.

The USPS moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), asserting immunity from suit. Filing 9 at 1. Specifically, the USPS alleges that the FTCA did not waive the USPS's sovereign immunity to allow for this type claim because of an exception under 28 U.S.C. § 2680(b).

STANDARD OF REVIEW

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges whether the court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008). Here, the government's Rule 12(b)(1) motion is a facial attack at the pleading stage.

DISCUSSION

The USPS asserts the Court lacks jurisdiction because the USPS is immune from the plaintiff's lawsuit. The FTCA provides the exclusive remedy for tort claims against the United States, its agencies, or for torts committed by federal employees while acting within the scope of their duties. 28 U.S.C. § 2679(a) & (b)(1). It is a limited waiver of the government's sovereign immunity for specific tort actions and contains exceptions. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). Waivers of sovereign immunity are strictly construed in favor of the sovereign. *In re Operation of Mo. River Sys. Litig.*, 418 F.3d 915, 917 (8th Cir. 2005).

One of the exceptions to the government's waiver of sovereign immunity under the FTCA is the "postal exception." The FTCA does not waive sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). If the postal exception applies, it is a jurisdictional bar to suit because the government's consent to be sued is a prerequisite for subject matter jurisdiction over the United States. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

The Supreme Court recently clarified how the postal exception applies to intentional conduct in *United States Postal Serv. v. Konan*, decided after the plaintiff's complaint was filed. 607 U.S. 391 (2026); *see also* filing 17; filing 18. In that case, the claimant sued the USPS for intentionally and wrongfully withholding her mail after an extended dispute with the local postal workers. *Konan*, 607 U.S. at 397. The postal exception in the FTCA barred the claimant's suit because the Supreme Court interpreted the language of the postal exception to cover the intentional nondelivery of mail. *Id.* at 406. The Supreme Court held that the United States retains sovereign immunity for claims arising out of the *intentional* nondelivery of mail because both "loss"

and "miscarriage" of mail under the FTCA's postal exception can occur because of USPS's *intentional* failure to deliver the mail. *Id.* at 399 (emphasis added). Specifically, when interpreting the term "loss," the Supreme Court explained that not only can a "loss" be the result of another person's intentional misconduct, but it can describe "a 'loss' of mail from theft, including theft by the carrier." *Id.* at 402.

Here, the plaintiff's complaint alleges a "loss, miscarriage, or negligent transmission" of his mail, with $24,050 of spoiled currency missing from the delivery to the BEP. Filing 1 at 3. Consequently, the plaintiff's lawsuit is barred by the postal exception of the FTCA because "[a] 'miscarriage of mail' includes failure of the mail to arrive at its intended destination, regardless of the carrier's intent . . . ." *Konan*, 607 U.S. at 401. Whether the missing spoiled currency was stolen by postal workers before arriving at the BEP as alleged or otherwise lost, the postal exception applies. *Gen. Chuck Yeager, Inc. v. United States Post Off.*, No. 2:25-CV-614, 2026 WL 937011, at *3 (E.D. Cal. Apr. 7, 2026), report and recommendation adopted, No. 2:25-CV-614, 2026 WL 1166951 (E.D. Cal. Apr. 29, 2026).

The plaintiff's argument in the alternative—that the USPS's failure to train, monitor, or supervise its employees—does not overcome the postal exception bar. Filing 1 at 3; filing 17 at 2. Relying on the Eighth Circuit's decision in *Tonelli v. United States*, the plaintiff argues that the USPS was on notice about packages being tampered with and pilfered. Filing 17 at 4 (citing *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir. 1995)). However, the plaintiff fails to specifically allege how the USPS facilities in either Omaha or Washington, D.C. failed to train, monitor, or supervise its employees so as to lead to lost contents from the plaintiff's spoiled currency package. The plaintiff offers the 2024 Mitigating Internal Mail Theft Office of Inspector General for

the USPS Audit Report, despite the fact that the report was published after the alleged events occurred and focuses on postal facilities that are not the ones at issue here in either Omaha or Washington, D.C. Filing 17 at 3. Unlike *Tonelli*, which involved ongoing theft of a particular customer's mail of which the USPS had specific notice, the plaintiff does not allege sufficient details to show how the USPS "failed to act when it had notice of illegal behavior" concerning the plaintiff's spoiled currency package. *Tonelli*, 60 F.3d at 496. The plaintiff's conclusory allegations, without more, do not amount to colorable FTCA claims. *See id.*

Lastly, the plaintiff argues "[i]t would be in the interest of justice that [he] be given leave to file an amended complaint to cure any defect in the theory of recovery, post *Konan*." Filing 17 at 4. But a district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014). The plaintiff could have filed a motion for leave to amend and attached a proposed amended complaint with additional facts supporting his failure to train, monitor, or supervise theory, but he did not. *See* Fed. R. Civ. P. 15(a)(2); NECivR 15.1. And a district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012); *see Sorace v. United States*, 788 F.3d 758, 768 (8th Cir. 2015). The Court declines to offer leave to amend where the plaintiff has not proffered any basis to believe that he actually could plead over the deficiencies of his complaint.

In summary, the Court lacks jurisdiction to hear the plaintiff's tort claim against USPS because the postal exception bars recovery for injuries caused by a postal employee's intentional misconduct. *Konan*, 607 U.S. at 402.

## CONCLUSION

The plaintiff's action against the defendants is dismissed for a lack of subject matter jurisdiction. Accordingly,

IT IS ORDERED:

1. The United States Postal Service's motion to dismiss (filing 8) is granted.

2. The plaintiff's complaint is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 16th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge